## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#6/7/8/12**
**js-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 12 -5289   PSG (FMOx) | Date | 9/11/2012 |
|---|---|---|---|
| Title | Daniels v. Wells Fargo Bank, N.A. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:   (In Chambers): Order GRANTING Plaintiff's Motion to Remand**

Before the Court is Plaintiff Kerri Daniels's ("Plaintiff") motion to remand to state court, which Defendants have opposed. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers in support of and in opposition to the motion to remand, the Court GRANTS Plaintiff's motion and REMANDS the case to state court.

I.    Introduction

On March 5, 2012, Plaintiff filed a Complaint against Defendants Wells Fargo Bank, N.A. ("Wells Fargo); Cal-Western Reconveyance Corporation ("Cal-Western"); and Does 1 to 50 in Ventura Superior Court alleging improper lending practices relating to a loan on Plaintiff's home ("the Property"). Specifically, Plaintiff alleges the following violations of state law: (1) predatory lending; (2) conspiracy to engage in predatory lending; (3) predatory business practices; (4) unfair business practices; (5) breach of contract; (6) breach of the covenant of good faith and fair dealing; (7) violation of California Civil Code § 2923.6; (8) quiet title; (9) injunctive relief precluding Defendants from foreclosing on the Property; and (10) declaration that Defendants lack standing to pursue any process against the Property.

On June 18, 2012, Defendants sought removal to this Court in accordance with 28 U.S.C. § 1441(b) on the ground that the Court has original jurisdiction based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and alternatively that the Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332. *See* Dkt. #1. Plaintiff now moves for an order remanding the action to state court. *See* Dkt. # 12. Plaintiff contends that there is no federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#6/7/8/12
js-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 -5289   PSG (FMOx) | Date | 9/11/2012 |
|----------|--------------------------|------|-----------|
| Title | Daniels v. Wells Fargo Bank, N.A. | | |

question jurisdiction because her claims all arise under state law and that there is no diversity jurisdiction because there is not complete diversity between the parties.  Mot. 1:25-2:6.

II.    Legal Standard

Federal courts are courts of limited jurisdiction.  See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case.  See *Abrego Abrego v. Dow Chem. Co*., 443 F.3d 676, 679-80 (9th Cir. 2006).  If at any time before final judgment it appears a removing court lacks subject matter jurisdiction, the case shall be remanded to state court.  28 U.S.C. § 1447(c).  Moreover, there is a strong presumption against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper.  See *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1089 (C.D. Cal. 2005).  Federal subject matter jurisdiction is satisfied through removal if the case could have originally been filed in federal court based on either federal question jurisdiction or diversity jurisdiction.  *City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court.").

III.    Discussion

A.    Federal Question Jurisdiction

The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The mere presence of a federal issue in a state cause of action does not automatically confer jurisdiction.   *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986).  Rather, the complaint must establish "'either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

While it is undisputed that Plaintiff's complaint does not explicitly state a federal cause of action, Defendants argue that federal question jurisdiction exists because one of Plaintiff's claims relates to the Home Affordable Modification Program ("HAMP"), a federal program.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#6/7/8/12**
**js-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 -5289   PSG (FMOx) | Date | 9/11/2012 |
|----------|--------------------------|------|-----------|
| Title | Daniels v. Wells Fargo Bank, N.A. | | |

Opp. 2:15-19.  Specifically, Plaintiff alleges in her fifth claim for relief, breach of contract, that Wells Fargo failed to comply with the terms of its HAMP agreement with the federal government, to which Plaintiff was a third-party beneficiary.  Compl. ¶¶ 61-68.  According to Plaintiff, this agreement with the federal government required Wells Fargo to modify certain qualifying loans, including Plaintiff's loan.  *Id.* at ¶¶ 62-63.  Plaintiff alleges that Wells Fargo breached its contract with the federal government by failing to modify the loan, causing harm to Plaintiff.  *Id.* at ¶¶ 62-66.  Defendants contend that these allegations require the Court to determine whether Plaintiff is a third-party beneficiary, thus presenting a substantial question of federal law and establishing federal subject matter jurisdiction.

First, "it is well established that there is no private cause of action under HAMP." *Garnett v. Aurora Loan Servs., LLC*, No. 12-CV-0257-SVW (OPx), 2012 WL 1440920, at *2 (C.D. Cal. April 25, 2012).  Moreover, courts in this district have consistently "rejected the contention that a substantial question of federal law is presented because a plaintiff's state law claim incorporates allegations of HAMP violations."  *Fischer v. GMAC Mortgage LLC*, No. 12-3843 GAF (JCGx), 2012 WL 2524266, at *4 (C.D. Cal. June 27, 2012) (rejecting defendants' argument that plaintiff's claims presented a federal question because they would require the court to determine whether plaintiff was a third-party beneficiary to defendant's HAMP agreement).  *See also Garnett*, 2012 WL 1440920, at *2 ("[N]o federal question is presented simply because some of Plaintiffs' state law claims may incorporate or turn upon allegations of HAMP violations.");  *Carlos v. Bank of Am. Home Loans*, No. CV-10-1966 AHM (VBKx), 2011 WL 166343, at *1 (C.D. Cal. Jan 13, 2011).

Accordingly, the presence of some allegations of HAMP violations within Plaintiff's state law claims is an insufficient basis on which to support federal question jurisdiction.  Therefore, because the alleged HAMP violations are the only basis upon which Defendants seek to rest federal question jurisdiction over the case, the Court finds that it does not have federal question jurisdiction.

B.    <u>Diversity Jurisdiction</u>

Federal subject matter jurisdiction may alternatively be based on diversity of citizenship.  Diversity jurisdiction requires that the parties be in complete diversity, meaning that every plaintiff has a different citizenship from every defendant, and that the amount in controversy exceeds $75,000.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  For purposes of diversity of citizenship, an individual is a citizen of the state in which she is domiciled, which is defined as the place where the person resides with the intent to remain or the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#6/7/8/12**
**js-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 -5289   PSG (FMOx) | Date | 9/11/2012 |
|---|---|---|---|
| Title | Daniels v. Wells Fargo Bank, N.A. | | |

place to which she intends to return.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a citizen both of the state in which it was incorporated and of the state in which it has its principal place of business.  *See* 28. U.S.C. §1332(c).  Finally, a national bank is a citizen of the state in which it is "located," which is determined based on the state designated in its articles of association as the location of its main office.  *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); 28 U.S.C. §1348.

It is undisputed that Plaintiff is a citizen of California.  Therefore, the case must be remanded if any defendant is a citizen of California.  Plaintiff argues that both Wells Fargo and Cal-Western are citizens of California.  Plaintiff contends that Wells Fargo is a citizen of California because it is headquartered in San Francisco and has injected itself into California's stream of commerce.  Mot. 2:16-25.  This Court, however, recently addressed and rejected a similar argument, finding that "Wells Fargo is a citizen only of the state designated in its legal charter," and was therefore "a citizen of South Dakota only."  *See Taber v. NDEX West, LLC*, No CV-12-3347 PSG (SHx) (C.D. Cal. May 9, 2012).  Though district courts in this circuit are split on the issue of whether a national bank may also be a citizen of the state in which it has its principal place of business, the Court does not find Plaintiff's argument persuasive and declines to diverge from its recent holding in *Taber.*  The Court therefore finds that for diversity purposes Wells Fargo is not a citizen of California.

Plaintiff also argues that diversity jurisdiction is improper because named Defendant Cal-Western is a citizen of California.  Mot. 8:25-9:7.  Though it is undisputed that Cal-Western is a citizen of California because it is incorporated in California and has its principal place of business in California, Defendants seek to avoid remand by arguing that Cal-Western is exempt from suit because it filed a Declaration of Non-Monetary Status ("DNMS") and because it was fraudulently joined.  NOR 21:4-12, 24-3; Opp. 17:12-17.

     1.    *Non-monetary status*

Defendants argue that Cal-Western is merely a nominal party because it filed a DNMS.  NOR 24:1-3.  *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *Figueiredo v. Aurora Loan*, No. C 09-4784 PJH, 2009 WL 5184472, at *1 (N.D. Cal. Dec. 22, 2009) ("[T]he filing of Cal–Western's declaration of non-monetary status in state court on October 6 transformed Cal–Western into a nominal party whose citizenship is disregarded for purposes of assessing diversity jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#6/7/8/12
js-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 -5289   PSG (FMOx) | Date | 9/11/2012 |
|----------|--------------------------|------|-----------|
| Title | Daniels v. Wells Fargo Bank, N.A. | | |

California Civil Code § 2924*l* sets forth the procedure for a trustee defendant to remove itself from a civil action in state court:

> In the event that a trustee under a deed of trust is named in an action or proceeding in which that deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee, then, at any time, the trustee may file a declaration of nonmonetary status. Cal. Civ. Code. § 2924*l*(a).

A plaintiff has 15 days from the filing of a declaration of nonmonetary status to file an objection:

> In the event that no objection is served within the 15-day objection period, the trustee shall not be required to participate any further in the action or proceeding, shall not be subject to any monetary awards as and for damages, attorneys' fees, or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is subject of the action or proceeding. Cal. Civ. Code § 2924*l*(d).

Although it may be recognized in federal court, nonmonetary status under California Civil Code § 2924*l* is a state procedural rule and, thus, "nonmonetary status may not be granted in federal court." *Tran v. Washington Mut. Bank*, No. CIV-S-09-3277 LKK/DAD, 2010 WL 520878, at *1 (E.D. Cal. Feb. 11, 2010). Moreover, "interpreting this provision in the context of determining complete diversity in a removal action, courts in this circuit have held that because nominal status is not achieved until 15 days after filing, the allegedly nominal party remains an active participant in the lawsuit whose citizenship must be considered where removal is sought during the 15-day window." *Taber*, No. 12-3347 PSG (SHx) (C.D. Cal. May 9, 2012) (citing *Sun v. Bank of Am. Corp.*, No. CV-10-0004, 2010 WL 454720, at *3 (C.D. Cal. Feb. 8, 2010); *Hernandez v. First Horizon Loan Corp.*, No. C-11-200 SBA, 2011 WL 2531959, at *2 (N.D. Cal. June 24, 2011)). Therefore, non-monetary status must be granted by passage of the 15-day window before the case is removed to federal court. *Id.*

Cal-Western filed a DNMS on June 12, 2012. NOR 24:1-2; *Dkt.* # 1, Ex. B. The notice of removal was filed six days later on June 18, 2012. *Dkt.* #1. Thus, though Plaintiffs did not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#6/7/8/12**
**js-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 -5289   PSG (FMOx) | Date | 9/11/2012 |
|----------|--------------------------|------|-----------|
| Title    | Daniels v. Wells Fargo Bank, N.A. | | |

file an objection, the requisite 15 days had not passed at the time of removal such that Cal-Western could be deemed a nominal party at that time. *Taber*, 12-3347 PSG (SHx); *Tran*, 2010 WL 520878 at *1. Because nominal status was not granted by the state court given that this case was removed before the 15-day period ended, nonmonetary status cannot be recognized in this Court. Therefore, Cal-Western's DNMS does not make it a nominal party for purposes of jurisdiction.

    2.    *Fraudulent Joinder*

A defendant is fraudulently joined such that its citizenship may be disregarded for diversity purposes "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). There is a strong presumption against finding fraudulent joinder: "In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012) (quoting *Sun*, 2010 WL 454720, at *3); *Plute v. Roadway Package Sys.*, 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001) ("There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion.").

Defendants argue that Cal-Western was fraudulently joined because "the complaint is entirely devoid of any charging allegations as to Cal-Western. The complaint merely identifies Cal-Western as the substituted trustee and says nothing else." Opp. 18:3-5. Further, Defendants argue that Cal-Western was a trustee with "no financial interest in the property and its involvement with the foreclosure of the Property was strictly within its ministerial role as the substitute trustee under the Deed of Trust to effectuate a non-judicial foreclosure." Opp. 18:3-5. Finally, Defendants argue that the common interest privilege pursuant to California Civil Code §§2924(d) would bar any attempt to recover damages. Opp. 17:27-28.

The Court finds that Defendants have not met their high burden of proving that Cal-Western was fraudulently joined because they have not shown that Plaintiff could not possibly recover against Cal-Western. *See Mireles,* 845 F. Supp. 2d at 1062; *Sun,* 2010 WL 454720, at *3. Plaintiff asserts that all defendants were engaged in a conspiracy to issue predatory and sub-prime loans and to lure homeowners to refinance into loans they could not afford. Compl. ¶¶ 37, 39-40, 43. Pursuant to this theory, all defendants, including Cal-Western, could be held

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#6/7/8/12**
**js-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 -5289   PSG (FMOx) | Date | 9/11/2012 |
|----------|--------------------------|------|-----------|
| Title | Daniels v. Wells Fargo Bank, N.A. | | |

responsible for the acts of their co-conspirators. *See Mireles,* 845 F. Supp. 2d at 1064 (finding that Cal-Western was not fraudulently joined when the plaintiff had alleged that all defendants engaged in a conspiracy to defraud plaintiff, even though Cal-Western was not specifically named in the claim). Moreover, several other claims are directed toward all Defendants collectively, including Cal-Western. *See, e.g.,* Compl. ¶¶ 55-60, 83-85. Therefore, Cal-Western could potentially be held liable either under a conspiracy theory or for the claims aimed at Defendants collectively. As a result, the complaint is not "entirely devoid" of allegations against Cal-Western. *See Mireles*, 845 F. Supp. 2d at 1064 ("[U]nder a conspiracy theory, all defendants could be held responsible for the acts of their co-conspirators. . . . As a result, it is untrue that the complaint lacks allegations that could result in Cal-Western being held liable for the wrongful conduct charged.").

The Court also rejects Defendants' contention that Cal-Western is protected by the common interest privilege. California Civil Code § 47 protects trustees from tort liability for actions in executing non-judicial foreclosures, unless the plaintiff brings a claim for malicious prosecution. CAL. CIV. CODE § 47. *See also Mireles*, 845 F. Supp. 2d at 1064; *Canales v. Federal Home Loan Mortg. Corp.*, No. CV-11-2819 PSG (VBKx), 2011 WL 3320478, at *3 (C.D. Cal. Aug. 1, 2011) ("California law clearly provides that a trustee's actions in executing a non-judicial foreclosure are privileged communications under Cal. Civ. Code §47 and will not support a tort claim other than one for malicious prosecution."). The privilege is not, however, absolute, and allegations of malice are not protected. *See id.* Plaintiff has alleged that all defendants, including Cal-Western, acted with malice. *See, e.g.,* Compl. ¶ 43. Therefore, Cal-Western's alleged actions were not privileged and it is not as a matter of law immune from suit. *See Mireles,* 845 F. Supp. 2d at 1064. ("Plaintiffs' assertion that defendants, including Cal-Western, acted with actual malice suggests that Cal-Western's action were not privileged, and it is not immune from suit as a matter of law.").

Construing all ambiguities in favor of Plaintiff, as the Court must, the Court concludes that Defendants have not met the heavy burden of establishing that "plaintiff could not possibly recover" against Cal-Western. *See Mireles*, 845 F. Supp. 2d at 1064; *Sun,* 2010 WL 454720, at *3. Consequently, the Court concludes that Cal-Western was not fraudulently joined and its citizenship must be considered in determining whether there is complete diversity. Because both Cal-Western and Plaintiff are California citizens, complete diversity does not exist and diversity jurisdiction is therefore improper. *See Owen Equip.*, 473 U.S. at 373.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#6/7/8/12**
**js-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 12 -5289   PSG (FMOx) | Date | 9/11/2012 |
|----------|--------------------------|------|-----------|
| Title    | Daniels v. Wells Fargo Bank, N.A. | | |

IV.     <u>Conclusion</u>

In sum, Defendants have not met their burden of establishing that removal is proper.  *See Gaus*, 980 F.2d at 566.  There is no federal question jurisdiction in this case because Plaintiff's allegations of HAMP violations do not create a substantial question of federal law.  *See Fischer*, 2012 WL 2524266, at *4.  Neither is there diversity jurisdiction because there is not complete diversity between the parties.  *See Owen Equip.*, 473 U.S. at 373.  Consequently, the Court lacks subject matter jurisdiction over the action and Plaintiff's motion to remand is GRANTED.[1]

**IT IS SO ORDERED.**

:  _____

Initials of
Deputy Clerk

cc:

---

[1] Plaintiff also requests attorneys' fees pursuant to 28 U.S.C. § 1447(c), arguing that she is entitled to be reimbursed for the costs of defending against the improper removal.  Mot. 10:1-10.  Attorney's fees should be awarded under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  While Defendants have ultimately failed to meet the high bar for establishing fraudulent joinder, their legal arguments with respect to Cal-Western's liability under California law were objectively reasonable.  Accordingly, Plaintiff's request for attorneys' fees is DENIED.